UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN W. SAARI,

    Plaintiff,

v.

ORLANS ASSOCIATES, P.C., WELLS
FARGO HOME MORTGAGE, and THE
FEDERAL HOME LOAN MORTGAGE
CORPORATION,

    Defendants.
_____/

File No. 2:11-CV-210

HON. ROBERT HOLMES BELL

**O P I N I O N**

This pro se action for damages as a result of a home foreclosure is before the Court on motions to dismiss filed by Defendant Orlans Associates, P.C., ("Orlans") and by Defendants Wells Fargo Home Mortgage[1] ("Wells Fargo") and The Federal Home Loan Mortgage Corporation ("FHLMC"). (Dkt. Nos. 7, 11.) For the reasons that follow, Defendant Orlans's motion will be granted in part and denied in part, Defendants Wells Fargo and FHLMC's motion will be granted, and Plaintiff John W. Saari's action will be dismissed.

I.

Defendants move for dismissal of Plaintiff's action pursuant to Rule 12(b)(6) of the

---

[1] Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage.

Federal Rules of Civil Procedure. When presented with a Rule 12(b)(6) motion, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). The following facts are gleaned from Plaintiff's complaint, the documents referenced in his complaint, and from matters of public record attached as exhibits to Defendants' briefs.

In 1998 John and Joan Saari (the "Borrowers") gave a mortgage to MFC First National Bank covering property in Houghton County, Michigan, that is the subject of this action. The loan was assigned to Wells Fargo. In 2007, Wells Fargo began foreclosure proceedings due to the Borrowers' default. On October 16, 2007, the Borrowers signed a "Stipulated Partial Reinstatement/Repayment Agreement" in which they acknowledged their default and agreed to make certain payments on the 30th day of each following month. The Repayment Agreement provided that, if the Borrowers defaulted on the repayment plan, Wells Fargo "will resume the foreclosure action immediately." (Dkt. No. 12, Ex. 2.) Plaintiff admits that although he knew his payment was due around November 30, 2007, he did not send payment until December 16, 2007. (Dkt. No. 1, Ex. 3, Compl. p. 2.) Plaintiff subsequently learned that Defendants had resumed foreclosure on his home on December 5, 2007. The Federal Home Loan Mortgage Corporation ("FHLMC") was the highest bidder

at the mortgage foreclosure, and was conveyed a Sheriff's Deed on December 20, 2007. (Dkt. No. 12, Ex. 4.)  The six month redemption period expired on June 20, 2008.  The Borrowers did not redeem, nor did they challenge the foreclosure proceedings prior to the expiration of the redemption period.

At the conclusion of the redemption period, FHLMC initiated a proceeding to evict the Borrowers.  *The Federal Home Loan Mortgage Corp. v. Saari*, Case No. 10-0222-LT.  FHLMC was represented in that action by Defendant Orlans.  The district court entered a judgment granting possession of the property to FHLMC.  (Dkt. No. 12, Ex. 5.)  The Borrowers appealed, and the Houghton County Circuit Court affirmed the judgment of possession.  *The Federal Home Loan Mortgage Corp. v. Saari*, Case No. 10-014677-AV.  (Dkt. No. 12, Ex. 1.)  The Borrowers then filed a claim of appeal with the Michigan Court of Appeals which was dismissed for lack of jurisdiction.  (Dkt. No. 12, Ex. 6.)

On April 28, 2011, Plaintiff, appearing pro se, commenced this action in the Houghton County Circuit Court against Defendants Orlans Associates, P.C., Wells Fargo Home Mortgage, and the Federal Home Loan Mortgage Corporation.  Defendants removed the action to federal court.  *See* 12 U.S.C. § 1452(f) ("[A]ll civil actions to which the Corporation [FHLMC] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value.").

Plaintiff's complaint is not divided into separate claims.  However, Plaintiff's

complaint can be liberally construed[2] to allege the following claims: 1) Wells Fargo breached the Repayment Agreement; 2) Wells Fargo failed to give proper notice of the foreclosure; 3) FHLMC and Orlans breached a promise to enter into a loan modification; 4) Orlans failed to provide original loan and loan modification documentation ; and 5) the state court failed to protect Plaintiff's rights. Defendants have moved for dismissal of Plaintiffs' claims.

## II.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In reviewing the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," but "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)).

Defendant Orlans contends that Plaintiff's action is barred by the *Rooker-Feldman* doctrine because, in order to award Plaintiff the relief he seeks, this Court would have to find that the state court's final judgment was incorrect.

---

[2] Pleadings filed by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

The *Rooker-Feldman* doctrine[3] bars federal claims brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

> The Supreme Court made clear in *Exxon Mobil* that the doctrine is confined to those cases exemplified by *Rooker* and *Feldman* themselves: when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law. In such a situation, the plaintiff seeks appellate review of the state court judgment, and the federal district court has no subject matter jurisdiction over such an action.

*McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006).

Plaintiff acknowledges that he is challenging the state court's final judgment: "Plaintiff does ask this court to find that a state court final judgment was incorrect." (Dkt. No. 9, Pl.'s Resp. 1.) Plaintiff's fifth claim, i.e., that the state court failed to protect Plaintiff's rights, is a direct challenge to the state court judgment. This claim is clearly barred by the *Rooker-Feldman* doctrine. Although Plaintiff's remaining four claims are not direct challenges to the state court judgment, Defendant Orlans contends that the *Rooker-Feldman* doctrine nevertheless applies because, to find for Plaintiff on any of these claims, the Court would have to find that the state court decision was wrongly decided. Defendant

---

[3] The *Rooker-Feldman* doctrine derives its name from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine is based on the negative inference that, because 28 U.S.C. § 1257(a) vests appellate court review of state judgments in the Supreme Court, then it follows that such review may not occur in the lower federal courts. *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010).

Orlans has overstated the scope of the *Rooker-Feldman* doctrine. The doctrine does not prevent a district court from exercising subject-matter jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil*, 544 U.S. at 293. Even if a federal plaintiff presents a claim that denies a legal conclusion that a state court has reached, the federal court has jurisdiction. *Id.* Accordingly, Defendant Orlans's motion will be granted as to claim 5 and denied as to claims 1-4.

As noted in *Exxon Mobil*, even if the *Rooker-Feldman* doctrine does not bar a claim that was previously decided in state court, there is a possibility that the action may still be barred by principles of preclusion. *Exxon Mobil*, 544 U.S. at 293. Preclusion is the basis of Defendants Wells Fargo and FHLMC's motion. They contend that all of Plaintiff's claims are barred by the doctrine of res judicata.

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816-17 (6th Cir. 2010) (quoting *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007)). Michigan employs a "broad view of res judicata." *Id.* (quoting *In re MCI Telecomm. Compl.*, 460 Mich. 396, 431, 596 N.W.2d 164, 183 (1999)). Res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id.* (quoting *Abbott*, 474 F.3d at 331). It "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising

reasonable diligence, could have raised but did not." *Id*. (internal quotation marks omitted).

The prior action is the eviction proceeding commenced in the state district court by FHLMC. The eviction proceeding was decided on the merits. A judgment of possession was entered by the 97th District Court, and the Houghton County Circuit Court affirmed after reviewing the parties' briefs and the District Court record. FHLMC was a party to both the eviction action and to this action. The arguments raised in claims 3 through 5 were, or could have been, resolved in the eviction proceeding. In Claim 3 Plaintiff argues that FHLMC and Orlans breached a promise to enter into a loan modification. This argument was specifically raised and rejected by the Circuit Court in the state litigation.

> Later, it appears, the parties entered into discussions concerning a potential loan modification agreement. The record reflects, however, that a loan modification agreement was never consummated and, it appears, Appellants are now arguing that because [FHLMC] entered into a dialogue to potentially modify the loan, they should have been estopped from seeking a an Order of Possession. The law, however, does not support the contention of Appellants.

(Dkt. No. 12, Ex. 1, p. 2.) In Claim 4, Plaintiff argues that loan documentation was wrongfully withheld from him during the pendency of the foreclosure proceedings. Plaintiff admits in his complaint that he raised this issue in the state district court: "Every time I asked for information from Orlans the Judge never made them produce it . . . . The court should have made Orlans send loan modification work out papers to the court on that day." (Compl. p. 4.) Plaintiff's allegations in Claim 5 that the state court failed to protect Plaintiff's rights either were, or could have been, raised in Plaintiff's appeal to the Circuit Court. Plaintiff is precluded from raising Claims 3 through 5 because they are barred by res judicata.

7

Claims 1 and 2 are leveled at Wells Fargo. Wells Fargo was not a party to the eviction action. Wells Fargo contends, however, that it was in privity with FHLMC. Privity is defined for purposes of res judicata as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Phinisee v. Rogers*, 229 Mich. App. 547, 553-554, 582 N.W.2d 852, 854 (1998) (quoting *Sloan v. Madison Heights*, 425 Mich. 288, 295-296, 389 N.W.2d 418 (1986)). Wells Fargo held the mortgage on Plaintiff's property and initiated the foreclosure proceedings. Wells Fargo's interest in the property passed directly to FHLMC by Sheriff's Deed at the foreclosure sale. Because FHLMC had the same interest as Wells Fargo in defending against Plaintiff's attempt to invalidate the foreclosure sale, FHLMC and Wells Fargo were in privity. In Claim 1, Plaintiff argues that Wells Fargo breached the repayment agreement. This same claim was raised in the state court action, where Plaintiff argued that it was improper to grant possession to FHLMC because Wells Fargo never signed loan modification papers. In Claim 2, Plaintiff argues that Wells Fargo failed to give proper notice of the foreclosure. This claim was not raised in the state court action. The Circuit Court noted that it did not appear that Appellants were contesting the fact that "the foreclosure proceedings were carried out in accord with applicable law." (Dkt. No. 12, Ex. 1.) In other words, Plaintiff could have raised the issue of lack of notice, but failed to do so. Accordingly, Plaintiff is precluded from Claims 1 and 2 because they are barred by res judicata.

In addition, Claim 2 is barred because it is untimely. A defect in notice renders a foreclosure sale voidable, not void. *Sweet Air Investment, Inc. v. Kenney*, 739 N.W.2d 656, 662 (Mich. Ct. App. 2007). Where a defendant does not challenge the validity of a foreclosure sale until after the redemption period has run, the defendant's claim of inadequate notice is without merit because the defendant cannot show prejudice.

In response to Defendants Wells Fargo and FHLMC's motion, Plaintiff argues that he was not given notice of the foreclosure sale and he was not provided requested documentation. These arguments are not responsive to the issues raised in Defendants' motions. They are the same arguments that were considered and rejected by the state Circuit Court, and because these issues have already been decided, they cannot be revisited by this Court.

In response to Defendant Orlans's motion, Plaintiff asserts that the Michigan Court of Appeals has held that Mortgage Electronic Registration Systems, Inc. ("MERS") cannot foreclose by advertisement in Michigan. Plaintiff's assertion, even if true, is not a defense to Defendant Orlan's motion because Plaintiff has not alleged that MERS was involved in his mortgage or foreclosure.

Plaintiff also references evidence of mortgage fraud in Oakland County, Michigan. Again, Plaintiff's assertion, even if true, is not a defense to Defendant's motion because all of the events in this case took place in Houghton County, Michigan, and Plaintiff has not alleged mortgage fraud or any other challenge to the validity of his mortgage in his complaint.

For the reasons stated herein, Defendant Orlans's motion will be granted in part and denied in part, Defendants Wells Fargo and FHLMC's motion will be granted, and Plaintiff John W. Saari's action will be dismissed in its entirety.

An order consistent with this opinion will be entered.


Dated: <u>December 8, 2011</u>                                        <u>/s/ Robert Holmes Bell                    </u>
                                                                      ROBERT HOLMES BELL
                                                                      UNITED STATES DISTRICT JUDGE